THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WALTER SRUTOWSKI, Appellant.

Fourth Department, October 12, 1918.

**Agricultural Law, section 36, construed — action for penalty for use of milk bottles belonging to another dealer — evidence.**

Section 36 of the Agricultural Law, providing that branded milk bottles shall not be remarked or used without the consent of the owner, covers two distinct classes, viz., dealers and shippers, and a dealer need not be one who ships milk.

In an action to recover a penalty for a violation of this section for the use of milk bottles belonging to another dealer without his consent, evidence *held* sufficient to sustain a verdict for the plaintiff.

Even if the statute covers only dealers who ship milk, evidence that the owner of the bottles obtained his milk from farmers who delivered the same to the railroad stations where it was shipped to him, and that he refunded the freight advanced by said farmers, is sufficient to sustain a finding that he was such a dealer.

APPEAL by the defendant, Walter Srutowski, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 7th day of February, 1918, upon the verdict of a jury rendered by direction of the court for the sum of fifty dollars damages, and costs.

*Merritt N. Baker*, for the appellant.

*LaFay C. Wilkie* and *Merton E. Lewis, Attorney-General* [*Charles M. Stern* of counsel], for the respondent.

KRUSE, P. J.:

The defendant, who is a milk dealer, used the milk bottles belonging to another dealer without his consent. The action is brought to recover a penalty under section 52 of the Agricultural Law (Consol. Laws, chap. 1 [Laws of 1909, chap. 9], as amd. by Laws of 1916, chap. 384) for a violation of section 36 of the Agricultural Law. The violation took place on January 24, 1917. Mutual motions for the direction of a verdict were made by the respective parties and the trial court directed a verdict for fifty dollars, which is the minimum penalty. Section 36 reads as follows:

" § 36. Branded cans, jars or bottles not to be sold, re-marked or used without consent of owner. No person shall hereafter without the consent of the owner or shipper, use, sell, dispose of, buy or traffic in any milk can, jar or bottle, or cream can, jar or bottle, belonging to any dealer or shipper of milk or cream residing in the State of New York or elsewhere, who may ship milk or cream to any city, town or place within this State, having the name or initials of the owner, dealer or shipper, stamped, marked or fastened on such can, jar or bottle, or wilfully mar, erase or change by re-marking or otherwise said name or initials of any such owner, dealer or shipper, so stamped, marked or fastened upon said can, jar or bottle. Nor shall any person without the consent of the owner use such can, jar or bottle, for any other purpose than for milk or cream; nor shall any person without the consent of the owner place in any such can, jar or bottle, any substance or product other than milk or cream."

Counsel for the respective parties differ as to the meaning of the section. On the part of the defendant it is contended that a dealer, as well as a shipper, must be one who ships milk or cream, to come within the statute, while the Attorney-General contends that the dealer need not be a shipper, and further, that even if the defendant's counsel is right in his construction of the statute, the evidence is sufficient to sustain a finding that the owner whose bottles were used was a dealer who shipped milk.

The defendant conceded that he was a milk dealer and had in his possession and was using two milk bottles belonging to one John Follette without the consent of the owner. Follette testified that he obtained his milk from farmers who delivered the milk at various railroad stations and the milk was shipped to him. While the farmers advanced the freight, he refunded the same. It seems quite clear that when the farmers delivered the milk at the railroad station their responsibility therefor ceased, and the title passed to Follette.

I am of the opinion that the statute covers two distinct classes, viz., dealers and shippers; that a dealer need not be one who ships milk. But even if the statute covers only dealers who ship milk, I think the evidence sustains a finding that Follette was such a dealer.

I think the verdict was properly directed and that the judgment should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.